UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO SOTO,<br><br>                Plaintiff,<br><br>vs.<br><br>SUPERIOR TELECOMMUNICATIONS, INC., a California corporation; C GLOBAL DISTRIBUTORS, INC., a California corporation; CCI COMMUNICATIONS, LLC, a Delaware limited liability company; NETWORKIP, LLC, a Texas limited liability corporation, INTERACTIVE COMMUNICATIONS INTERNATIONAL, INC., a Nevada corporation; 7-ELEVEN, INC., a Texas corporation, on behalf of itself and all others similarly situated; DHAMI CORPORATION, a California corporation, on behalf of itself and all others similarly situated and DOES 5 - 1000,<br><br>                Defendants. | CASE NO. 10cv0135 - IEG (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NETWORKIP'S MOTION TO DISMISS**<br><br>[Doc. No. 66] |

    In this putative class action, Plaintiff Ricardo Soto asserts eight causes of actions stemming from Defendants' alleged failure to disclose hidden fees in connection with the sale of prepaid calling cards. Presently before the Court is a motion to dismiss brought by Defendant NetworkIP, Inc. Having reviewed the parties' arguments, and for the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** the motion to dismiss.

///

# BACKGROUND

## I. Parties

Defendants Superior Telecommunications, Inc. ("STI"), C Global Distributors, Inc. ("C Global"), CCI Communications, Inc. ("CCI"), NetworkIP, LLC ("NetworkIP"), and Interactive Communications International, Inc. ("InComm") (collectively, "Distributor Defendants") provide prepaid calling card services and prepaid calling cards with the brand name "Bonita Señorita" to consumers in California. (SAC ¶ 14.) STI designs, advertises, prints, and provides customer support for the Bonita Señorita cards. Through a contract with STI, NetworkIP and CCI operate the electronic systems that impose the rates, fees, and charges on the cards and provide the telecommunications services for the cards. (Id. ¶ 15.) NetworkIP and CCI negotiate with STI to establish the rates, fees, and charges imposed on the cards, which are memorialized in "rate decks." NetworkIP and CCI also provide customer support for the Bonita Señorita cards. (Id. ¶ 16.)

STI sells "live" Bonita Señorita cards to C Global, who resells the cards to 7-Eleven stores in California. "Live" cards may be used by the consumers without activation at the point of sale. (Id. ¶ 16.) InComm sells Bonita Señorita "swipe" cards to 7-Eleven and its franchisees through a Master Distribution and Service Agreement. A "swipe" card is one that needs to be activated at the point of sale by 7-Eleven or its franchisee stores. In addition to selling the swipe cards to 7-Eleven, InComm provides its FastCard technology to 7-Eleven which allows 7-Eleven to activate the cards at its register. (Id. ¶ 18.)

Plaintiff Ricardo Soto ("Soto") hails from Bolivia, but currently resides in San Diego, California. (Id. ¶ 4.)

## II. Allegations

Soto purchased Bonita Señorita prepaid telephone service calling cards offered, sold, and serviced by the Distributor Defendants. (SAC ¶¶ 14, 21.) He uses the cards to call friends and family in Bolivia. (Id. ¶ 21.) Having reviewed posters at convenience stores, Soto believed he would receive 50 minutes for calls to La Paz, Bolivia for the purchase of a $5.00 card (10 cents per minute). (Id. ¶ 22.) The voice prompt at the beginning of his calls to Bolivia stated that he would receive 50 minutes. (Id. ¶ 22.) However, Soto did not receive 50 minutes as promised. (Id. ¶ 24.)

1  According to Soto, the Distributor Defendants fail to disclose numerous ancillary fees and
2  charges ("hidden fees") on the Bonita Señorita cards.  (Id. ¶ 22.)  The hidden fees, which are not
3  disclosed on the cards themselves, in their packaging, or in any advertisements, reduce the number
4  of minutes available to the consumer.  (Id. ¶¶ 22-23.)  In addition to their failure to disclose hidden
5  fees to consumers, the Distributor Defendants fail to provide retail vendors with current
6  information about fees and charges, thereby preventing retail vendors from displaying required
7  information at the point of sale.  (See id. ¶ 23.)  Had Soto known the true charges, he would not
8  have purchased the calling cards.  (Id. ¶ 24.)

**III.   Procedural History**

Soto originally filed this action on behalf of himself and a putative class of similarly situated others in the Superior Court of California in San Diego.  (Doc. No. 1.)  Defendants 7-Eleven, Inc. and DHAMI Corporation (both terminated from the case February 14, 2011) removed the action to this Court based on the Class Action Fairness Act.  (Id.)  Soto has amended his complaint twice, and he filed his second amended complaint ("SAC") on November 24, 2010.  (Doc. No. 40.)  Defendant NetworkIP filed the present amended motion to dismiss on February 3, 2011.  (Doc. No. 66.)  Soto filed a response and NetworkIP filed a reply.  The Court vacated a hearing scheduled for March 7, 2011, electing instead to take the matter under submission pursuant to Local Civil Rule 7.1(d).

**DISCUSSION**

**I.   Legal Standard for a Rule 12(b)(6) Motion to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); Navarro v. Block, 250 F.3d 729, 731 (9th Cir. 2001).  The court must accept all factual allegations pled in the complaint as true, and must construe them and draw all reasonable inferences from them in favor of the nonmoving party.  Cahill v. Liberty Mutual Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim has "facial plausibility when the plaintiff

1  pleads factual content that allows the court to draw the reasonable inference that the defendant is
2  liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009)
3  (citing <u>Twombly</u>, 550 U.S. at 556).
4        However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'
5  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of
6  action will not do." <u>Twombly</u>, 550 U.S. at 555 (citation omitted). A court need not accept "legal
7  conclusions" as true. <u>Ashcroft v. Iqbal</u>, --- U.S. ---, 129 S.Ct. 1937, 1949 (2009). In spite of the
8  deference the court is bound to pay to the plaintiff's allegations, it is not proper for the court to
9  assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have
10 violated the . . . laws in ways that have not been alleged." <u>Associated Gen. Contractors of Cal.,</u>
11 <u>Inc. v. Cal. State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).

12 **II.  Analysis**

13       NetworkIP maintains that Soto alleges a "unified course of fraudulent conduct" and
14 therefore argues Plaintiff's claims are subject to the heightened pleading requirements of Rule 9(b)
15 of the Federal Rules of Civil Procedure. It follows, NetworkIP argues, that because the SAC does
16 not meet the heightened pleading requirements of Rule 9(b), and given the policy and purposes
17 underlying Rule 9(b), the SAC should be dismissed. Soto responds that Rule 9(b) is inapplicable
18 here because the SAC does not contain any allegations of fraud. Soto does not suggest the SAC
19 satisfies the heightened pleading requirements of Rule 9(b).
20       Rule 9(b) requires that, when alleging fraud, "a party must state with particularity the
21 circumstances constituting fraud . . ." Where fraud is not an essential element of a claim, only
22 those allegations of a complaint which aver fraud are subject to Rule 9(b)'s heightened pleading
23 standard. <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009) (citing <u>Vess v. Ciba-</u>
24 <u>Geigy Corp. USA</u>, 317 F.3d 1097, 1105 (9th Cir. 2003). However, where a plaintiff alleges a
25 "unified course of fraudulent conduct" and relies entirely on that course of conduct as the basis for
26 a claim, the claim is said to be "grounded in fraud" and the pleading of that claim as a whole must
27 satisfy the heightened pleading standard of Rule 9(b). <u>Kearns</u>, 567 F.3d at 1125.
28       Fraud can be averred by specifically alleging fraud, or by alleging facts that necessarily

1  constitute fraud (even if the word "fraud" is not used).  Id. at 1124; Vess, 317 F.3d at 1105.  In
2  California, the elements of fraud are: (1) misrepresentation, i.e. false representation, concealment,
3  or nondisclosure; (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and
4  (5) damage.  Kearns, 567 F.3d at 1126 (citing Engalla v. Permanente Med. Group, Inc., 15 Cal. 4th
5  951, 974 (1997).

6       In this case, one of Soto's claims contains fraud as an essential element.  As part of his
7  claim under the Consumer Legal Relief Act ("CLRA"), Soto alleges NetworkIP violated California
8  Civil Code § 1770(9), which prohibits "[a]dvertising goods or services with intent not to sell them
9  as advertised."  To the extent Soto seeks relief under § 1770(9), his allegations are subject to the
10 heightened pleading standard of Rule 9(b).  Soto does not dispute NetworkIP's contention that the
11 SAC fails to satisfy that standard.  See generally Pl.'s Opp.  Accordingly, the Court **DISMISSES**
12 **WITHOUT PREJUDICE** Soto's CLRA claim insofar as it relates to § 1770(9).

13      Because none of Soto's remaining claims contains fraud as an essential element, the Court
14 turns to whether Soto has alleged facts that necessarily constitute fraud.  The crux of Soto's SAC is
15 that NetworkIP and the other Distributor Defendants misrepresented or failed to disclose hidden
16 fees on calling cards.  See SAC ¶¶ 21-24.  However, in contrast with Kearns, where the plaintiff's
17 claims of nondisclosure "were couched in general pleadings alleging defendant's intent to conceal"
18 material information from customers, 567 F.3d at 1120, Soto does not allege NetworkIP knowingly
19 misrepresented or failed to disclose the hidden fees, or that NetworkIP intended to induce reliance,
20 see generally SAC.  Accordingly, the SAC is not "grounded in fraud."  See Johns v. Bayer Corp.,
21 2010 WL 476688, at *5 (S.D. Cal. Feb. 9, 2010) (holding UCL and CLRA claims were not
22 "grounded in fraud" because plaintiff did not allege knowledge of falsity or intent to induce
23 reliance); see also Marolda v. Symantec Corp., 672 F. Supp.2d 992, 998 (N.D. Cal. 2009) (holding
24 breach of contract claims were subject to ordinary Rule 8(a) pleading standard because plaintiff
25 alleged misrepresentation but did not allege any of the other elements of fraud); Gruen v. Edfund
26 & Van Ru Credit Corp., 2009 U.S. Dist. LEXIS 60396, at *14-15 (N.D. Cal. July 15, 2009)
27 (holding UCL fraud claim did not need to be pleaded with particularity because plaintiff did not
28 allege an overarching fraudulent scheme).

1    The Court emphasizes that NetworkIP's motion is confined to the issue of whether Rule 9(b) applies to Soto's claims.  The Federal Communications Commission ("FCC") ruling NetworkIP lodged in support of its motion does not bear on that issue, and NetworkIP does not argue that the FCC ruling bars Soto's claims as a matter of law.  <u>See</u> Def.'s Am. Mot. at 8-10; Def.'s Reply at 5-6.  Nor does NetworkIP argue that Soto's claims fail to satisfy the ordinary pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  <u>See generally</u> Def.'s Am. Mot.; Def.'s Reply.  Accordingly, the Court **DENIES** NetworkIP's motion to dismiss as it relates to the remainder of Soto's claims.

## CONCLUSION

Having considered the parties' arguments, and for the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** NetworkIP's motion to dismiss.  The Court **DISMISSES WITHOUT PREJUDICE** Soto's CLRA claim insofar as it relates to § 1770(9) and **DENIES** NetworkIP's motion to dismiss as it relates to the remainder of Soto's claims.

**IT IS SO ORDERED.**

**DATED:  April 19, 2011**

*[signature: Irma E. Gonzalez]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**