1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICARDO SOTO,<br><br>                                  Plaintiff,<br><br>    vs.<br><br>SUPERIOR TELECOMMUNICATIONS, INC., a California corporation; C GBOBAL DISTRIBUTORS, INC., a California corporation; CCI COMMUNICATIONS, LLC, a Delaware limited liability company; NETWORKIP, LLC, a Texas limited liability corporation; INTERACTIVE COMMUNICATIONS INTERNATIONAL, INC., a Nevada corporation; 7-ELEVEN, INC., a Texas corporation, on behalf of itself and all other similarly situated; DHAMI CORPORATION, a California corporation, on behalf of itself and all others similarly situated; and DOES 5-1000,<br><br>                           Defendants. | CASE NO. 10cv135 - IEG (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR CLASS CERTIFICATION**<br><br>[Doc. No. 110] |

       Presently before the Court is a motion for class certification brought by Plaintiff Ricardo Soto ("Plaintiff") on behalf of a putative class. [Doc. No. 110.]  For the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for class certification.

**BACKGROUND**

       This is a putative class action lawsuit related to prepaid calling cards.  Plaintiff is a permanent resident of the United States from Boliva and has resided in San Diego since 2005.

1  [Doc. No. 110-17, <u>Declaration of Ricardo Soto</u> ("<u>Soto Decl.</u>") ¶ 2.]  Between 2007 and 2009,

2  Plaintiff purchased several "Bonita Senorita" prepaid calling cards that he used to call Bolivia.

3  [<u>Id.</u> ¶¶ 3, 5-7.]  Prior to purchasing any of the Bonita Senorita calling cards, Plaintiff reviewed a

4  poster for the calling cards.  [<u>Id.</u> ¶ 4.]  The poster stated that a $5 Bonita Senorita card would

5  provide 50 minutes of call time to La Paz, Bolivia and that a maintenance fee of $.89 cents would

6  be charged after the first call.  [<u>Id.</u>]  The face of the cards Plaintiff purchased stated that a weekly

7  maintenance fee of $.69 cents will apply the day after the first call, but that there are no connection

8  charges.  [<u>Id.</u> ¶¶ 5-6.]  When Plaintiff attempted to use the calling cards to call La Paz, Bolivia, he

9  received much less than 50 minutes, even considering the card's maintenance fees.  [<u>Id.</u> ¶¶ 4-7.]

10  Plaintiff alleges that the imposition of fees and charges on users of the Bonita Senorita calling

11  cards without proper disclosures violates California law.  [<u>See</u> Doc. No. 40, <u>SAC</u>.]

12        Defendant Superior Telecommunications, Inc. ("STI") is in the prepaid calling card

13  business and produces the Bonita Senorita calling card, its best seller.  [Doc. No. 110-6,

14  <u>Deposition of Saad Pattah I</u>, ("<u>Pattah Depo. I</u>") at 17:8-13, 29:10-11, 37:10-12.]  Defendant CCI

15  Communications, LLC ("CCI") is a "carrier" for the Bonita Senorita cards, which means that it

16  provides the telecommunications services for the cards and debits the fees and charges as the cards

17  are used.  [<u>Id.</u> at 14:9-17, 112:16-21.]  STI produces the posters for the Bonita Senorita cards, and

18  the information contained on the posters is provided by CCI.  [<u>Id.</u> at 40:16-18.]  Defendant C

19  Global Distributors, Inc. ("C Global") is one of STI's distributors of the Bonita Senorita cards, and

20  it distributes the cards to 7-Eleven convenience stores.  [<u>Id.</u> at 55:9-24.]

21        On December 14, 2009, Plaintiff filed a putative class action lawsuit in San Diego superior

22  court.  [Doc. No. 1, <u>Compl.</u>]  On January 19, 2010, the Defendants removed the action to this

23  Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).  [Doc. No. 1, <u>Notice of</u>

24  <u>Removal</u>.]  On November 24, 2010, Plaintiff filed a second amended complaint against Defendants

25  STI, C Global, CCI, NetworkIP, LLC ("NetworkIP"), Interactive Communications International,

26  Inc. ("InComm"), 7-Eleven, Inc. ("7-Eleven"), and DHAMI Corporation ("DHAMI") alleging

27  causes of action for: (1) violation of California Business & Professions Code § 17538.9; (2)

28  violation of the California Unfair Competition Law ("UCL"), California Business & Professions

1  Code §§ 17200, *et. seq.*; (3) violation of the California Consumer Legal Remedies Act ("CLRA"),

2  California Civil Code §§ 1750 *et. seq.*; (4) conversion; (5) unjust enrichment; and (6) declaratory

3  relief.  [Doc. No. 40, SAC.]  Defendants NetworkIP, InComm, 7-Eleven, and DHAMI have been

4  dismissed from this action, leaving STI, C Global, and CCI as the only remaining Defendants.

5  [See Doc. Nos. 71, 107, 109.]

6        By the present motion, Plaintiff requests that the Court certify a class pursuant to Federal

7  Rule of Civil Procedure 23 and California Civil Code § 1781(b) ("the Class") defined as:

8        All California residents who purchased and used a Bonita Senorita prepaid calling
       card in California from December 15, 2005 through the date of trial.  Excluded
9        from the Class are current and former Defendants, any person, firm, trust,
       corporation, officer, director, or other individual or entity in which Defendants have
10       a controlling interest, or which are related to or affiliated with Defendants, and the
       legal representatives, heirs, successors-in-interest or assigns of any such excluded
11       parties.  Also excluded from the Class are Plaintiff's counsel and all judicial
       officers responsible for any decisions in this matter.
12
   [Doc. No. 110-1 at 2.]  Plaintiff only seeks certification on his claims for violation of California
13
   Business & Professions Code § 17538.9, violation of the UCL, violation of the CLRA against STI,
14
   conversion, and unjust enrichment.  [Id. at 9-10.]  Only Defendant STI opposes Plaintiff's motion
15
   for class certification.  [Doc. No. 111.]
16
                                  **DISCUSSION**
17
   **I.     Legal Standard for Class Certification under Rule 23**
18
        Rule 23 of the Federal Rules of Civil Procedure governs the certification of a class in
19
   federal court.  As a threshold matter, the Court may certify a class only if plaintiffs meet the
20
   requirements of Rule 23(a):
21
        (1)    the class is so numerous that joinder of all members is impracticable;
22
        (2)    there are questions of law or fact common to the class;
23
        (3)    the claims or defenses of the representative parties are typical of the claims
24             or defenses of the class; and

25       (4)    the representative parties will fairly and adequately protect the interests of
               the class.
26
   FED. R. CIV. P. 23(a).
27
        In addition, the plaintiff must demonstrate that one of the three conditions set forth in Rule
28
   23(b) is met.  Here, Plaintiff seeks certification under Rule 23(b)(3), [Doc. No. 110-1 at 15-17],

1    which requires a finding "that the question of law or fact common to class members predominate

2    over any questions affecting only individual members, and that a class action is superior to other

3    available methods for fairly and efficiently adjudicating the controversy."  In considering whether

4    certification is appropriate under Rule 23(b)(3), the Court should consider:

5        (A)    the class members' interests in individually controlling the prosecution or
                 defense of separate actions;

6

7        (B)    the extent and nature of any litigation concerning the controversy already
                 begun by or against class members;

8        (C)    the desirability or undesirability of concentrating the litigation of the claims
                 in the particular forum; and

9

        (D)    the likely difficulties in managing a class action.

10    FED. R. CIV. P. 23(b)(3).

11         "Parties seeking class certification bear the burden of demonstrating that they have met

12    each of the four requirements of Federal Rule of Civil Procedure 23(a) and at least one of the

13    requirements of Rule 23(b)." Ellis v. Costco Wholesale Corp., 657 F.3d 970, 979-80 (9th Cir.

14    2011).  When conducting a Rule 23 inquiry, "the question is not whether the plaintiff or plaintiffs

15    have stated a cause of action or will prevail on the merits, but rather whether the requirements of

16    Rule 23 are met." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177 (1974).  However, a district

17    court "must consider the merits if they overlap with the Rule 23 requirements." Ellis, 657 F.3d at

18    981.  A district court's determination of whether to grant a motion for class certification is

19    reviewed for abuse of discretion. Rodriguez v. Hayes, 591 F.3d 1105, 1112-13 (9th Cir. 2010).

20    **II.    Rule 23(a) Requirements**

21        **A.    Numerosity**

22         The numerosity requirement is met if "the class is so numerous that joinder of all members

23    is impracticable." FED. R. CIV. P. 23(a)(1).  "Plaintiffs do not need to state the exact number of

24    potential class members, nor is a specific number of class members required for numerosity." In

25    re Rubber Chems. Antitrust Litig., 232 F.R.D. 346, 350 (N.D. Cal. 2005).  Rather, "[a] court may

26    make common sense assumptions to support a finding that joinder would be impracticable." Id.;

27    see also Gay v. Waiters' & Dairy Lunchmen's Union, 549 F.2d 1330, 1332 n.5 (9th Cir. 1977) ("In

28    ruling on a class action a judge may consider reasonable inferences drawn from facts before him . .

1 . .").

2      The parties do not appear to dispute this issue.  STI has sold over 1 million units of the

3 Bonita Senorita calling cards in California during the proposed class period.  [Doc. No. 110-10,

4 <u>Deposition of Saad Pattah II</u> ("<u>Pattah Depo. II</u>") at 79:7-11.]  Therefore, the potential class is

5 likely composed of hundreds of thousands of members.  Accordingly, joinder of all these members

6 would be impracticable, and the numerosity requirement is satisfied.

7      **B.**     **Commonality**

8      The commonality requirement is met if "there are questions of law or fact common to the

9 class."  FED. R. CIV. P. 23(a)(2).  The commonality requirement is construed "permissively."

10 <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1019 (9th Cir. 1998).  "Commonality requires the

11 plaintiff to demonstrate that the class members 'have suffered the same injury,'" which "does not

12 mean merely that they have all suffered a violation of the same provision of law."  <u>Wal-Mart</u>

13 <u>Stores, Inc. v. Dukes</u>, 131 S. Ct. 2541, 2551 (2011).  The "claims must depend on a common

14 contention" and "[t]hat common contention . . . must be of such a nature that it is capable of

15 classwide resolution—which means that determination of its truth or falsity will resolve an issue

16 that is central to the validity of each one of the claims in one stroke."  <u>Id.</u>  All questions of fact and

17 law need not be common, but rather "[t]he existence of shared legal issues with divergent factual

18 predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies

19 within the class."  <u>Hanlon</u>, 150 F.3d at 1019.  However, merely alleging common questions is

20 insufficient to meet the commonality requirement.  <u>Ellis</u>, 657 F.3d at 981.  "What matters to class

21 certification . . . is not the raising of common 'questions'—even in droves—but, rather the

22 capacity of a classwide proceeding to generate common answers apt to drive the resolution of the

23 litigation."  <u>Wal-Mart Stores, Inc.</u>, 131 S. Ct. at 2551.

24      Plaintiff argues that the commonality requirement is met with respect to all of his claims

25 because each class member shares the same common issue–whether the fees and charges for the

26 Bonita Senorita calling cards were imposed and disclosed in compliance with California law.

27 [Doc. No. 110-1 at 13.]  STI argues that class certification in this case is not appropriate for two

28 reasons.  [Doc. No. 111.]  First, STI argues that there are significant distinctions between the

1   calling cards sold to 7-Eleven and the calling cards sold to other retailers because the maintenance

2   fee for the cards at 7-Eleven were always the same while the fees for the cards at other retailers

3   varied along with the disclosures.  [Id. at 2-3.]  However, this distinction does not prevent the

4   commonality requirement from being satisfied.  Although the fees and disclosures may vary

5   depending on where the card was sold, this variance does not affect the common question to be

6   answered in this litigation, which is whether the Defendants complied with California law in

7   imposing those fees and making those disclosures.  STI does not argue that either type of fee was

8   properly disclosed.  Therefore, the answer to the question of Defendants' liability in this case can

9   be decided "in one stroke" despite some variance in the disclosures and fees.

10        STI's second argument is that a class should not be certified because many of the prepaid

11   calling cards, unlike the cards purchased by Plaintiff, did not impose fees or charges if the card

12   was used for one call rather than for multiple calls.  [Doc. No. 111 at 3-4.]  STI has introduced a

13   declaration from its president Saad Pattah that its prepaid calling cards to countries such as

14   Columbia, Brazil, Mexico, Canada, Chile, Costa Rica, Dominican Republic, Guatemala, Peru, El

15   Salvador, and Venezuela do not have any fees or charges applied if the user uses up his or her

16   entire minutes on the card in one call.  [Doc. No. 111-1, Declaration of Saad Pattah ("Pattah

17   Decl.") ¶ 2.]  Mr. Pattah further states in his declaration that calling cards to Boliva, like the ones

18   purchased by Plaintiff, are different because they charge a fee even if the card is only used once.

19   [Id.]  However, the Court finds the statement in Mr. Pattah's declaration to not be credible at this

20   time.[1]  This statement is not supported by any documentary evidence.  More importantly, the

21   statement is directly contradicted by Mr. Pattah's prior testimony during his deposition that the

22   Bonita Senorita cards, including calling cards to Boliva, do not impose charges on the first call.

23   [See Doc. No. 112-2, Deposition of Saad Pattah II ("Pattah Depo. II") at 31:11-15; 32:15-18; 36:8-

24   20.]  Further, Mr. Pattah's deposition testimony supports a finding that there are common issues of

25   law and fact in this case because he testified that the Bonita Senorita calling cards act in the same

26   manner by not imposing fees until the second call.

27   _____

28        [1] In determining a motion for class certification, a district court is required to resolve any factual disputes that are necessary to the court's commonality determination.  See Ellis, 657 F.3d at 981-84.

1      Accordingly, the Court agrees with Plaintiff and finds that the class members share the

2  same common issue–whether the fees and charges for the Bonita Senorita cards were imposed and

3  disclosed in compliance with California law.  In addition, all the class members share the same

4  injury–the imposition of fees and charges on their calling cards without proper disclosure.

5  Therefore, the commonality requirement is satisfied in this case.

6      **C.    Typicality**

7      Typicality requires that "the claims or defenses of the representative parties [be] typical of

8  the claims or defenses of the class."  FED. R. CIV. P. 23(a)(3).  "This requirement is satisfied when

9  each class member's claims arise from the same course of events, and each class member makes

10  similar legal arguments to prove the defendant's liability.  Rodriguez, 591 F.3d at 1124.  The

11  typicality requirement is also "permissive and requires only that the representative's claims are

12  reasonably co-extensive with those of the absent class members; they need not be substantially

13  identical."  Hanlon, 150 F.3d at 1020.

14      Here, Plaintiff's claims are reasonably coextensive with those of the absent members.

15  Plaintiff states that during the class period, he purchased at least three Bonita Senorita cards based

16  on representations made to him on posters and on the cards themselves.  [Doc. No. 110-17, Soto

17  Decl. ¶ 3-7.]  Plaintiff further states that he did not receive the proper amount of minutes as

18  disclosed.  [Id. ¶¶ 5-7.]  Plaintiff's claims like the claims of the rest of the class all arise from the

19  same course of events–Defendants' distribution and sale of the Bonita Senorita calling cards and

20  the imposition and disclosure of the fees and charges associated with those cards.  In addition,

21  Plaintiff like the rest of the class will attempt to prove Defendants' liability by showing that the

22  fees imposed on the cards were not properly disclosed to him in compliance with California law.

23  Therefore, each class member will make similar legal arguments to prove Defendants' liability.

24  Accordingly, the typicality requirement is satisfied.

25      **D.    Adequacy of Representation**

26      Finally, Rule 23(a) also requires that the class representative be able to "fairly and

27  adequately protect the interests of the class."  FED. R. CIV. P. 23(a)(4).  This determination

28  primarily requires the Court to resolve two questions: "(1) do the named plaintiffs and their

1   counsel have any conflicts of interest with other class members and (2) will the named plaintiffs

2   and their counsel prosecute the action vigorously on behalf of the class?" <u>Hanlon</u>, 150 F.3d at

3   1020.  Adequate representation "depends on the qualifications of counsel for the representatives,

4   an absence of antagonism, a sharing of interests between representatives and absentees, and the

5   unlikelihood that the suit is collusive." <u>Rodriguez</u>, 591 F.3d at 1125 (quotation marks omitted).

6           There is no evidence of any conflict of interest that Plaintiff or his counsel might have with

7   the rest of the class.  To the contrary, Plaintiff and the rest of the class share an interest in

8   establishing Defendants' liability and having Defendants remedy their alleged practice of

9   misrepresenting the number of minutes available on the calling cards purchased by the class.  <u>See</u>

10  <u>Galvan v. KDI Distrib.</u>, 2011 U.S. Dist. LEXIS 127602, at *21 (C.D. Cal. Oct. 25, 2011).  Further,

11  Plaintiff and his counsel have shown that they are able to vigorously prosecute the present action.

12  Since the filing of this action, Plaintiff has monitored this litigation, has participated in the

13  discovery process, and has kept in regular communication with his counsel.  [Doc. No. 110-17,

14  <u>Soto Decl.</u> ¶ 8.]  Plaintiff's counsel has extensive experience prosecuting class action lawsuits

15  including consumer class actions.  [Doc. No. 110-2, <u>Declaration of Eric Benink</u> ("<u>Benink Decl.</u>") ¶

16  9, Ex. 14.]

17          STI argues that Plaintiff is not an adequate representative because the calling cards he

18  purchased were to Boliva, which impose fees even if the card is only used once unlike many of the

19  other calling cards.  As stated above, this argument is directly contradicted by Mr. Pattah's prior

20  testimony that the Bonita Senorita cards, including calling cards to Boliva, do not impose charges

21  on the first call.  [<u>See</u> Doc. No. 112-2, <u>Pattah Depo. II</u> at 31:11-15; 32:15-18; 36:8-20.]

22  Accordingly, the Court concludes that the adequacy of representation requirement is satisfied.

23          **E.      Conclusion**

24          In sum, Plaintiff has satisfied the numerosity, commonality, typicality, and adequacy

25  requirements of Rule 23(a).  The Court now turns to whether Plaintiff has satisfied the

26  requirements of Rule 23(b)(3).

27  ///

28  ///

1    **III.    Rule 23(b)(3) Requirements**

2          Federal Rule of Civil Procedure 23(b)(3) requires the Court to find that: (1) "the questions

3    of law or fact common to class members predominate over any questions affecting only individual

4    members," and (2) "a class action is superior to other available methods for fairly and efficiently

5    adjudicating the controversy."  These requirements are called the "predominance" and

6    "superiority" requirements.  See Hanlon, 150 F.3d at 1022-23.

7          **A.    Predominance**

8          The predominance inquiry focuses on "the relationship between the common and

9    individual issues" and "tests whether proposed classes are sufficiently cohesive to warrant

10   adjudication by representation."  Hanlon, 150 F.3d at 1022 (quoting Amchem Products, Inc. v.

11   Windsor, 521 U.S. 591, 623 (1997)).  This analysis requires more than proof of common issues of

12   law or fact.  Id.  Rather, the common questions should "'present a significant aspect of the case

13   and . . . be resolved for all members of the class in a single adjudication.'"  Id.  (citation omitted).

14   "[A] central concern of the Rule 23(b)(3) predominance test is whether 'adjudication of common

15   issues will help achieve judicial economy.'"  Vinole v. Countrywide Home Loans, Inc., 571 F.3d

16   935, 944 (9th Cir. 2009).

17         Plaintiff argues that the predominance test is satisfied because "[t]his case presents a

18   multitude of class-wide issues with one overriding class-wide issue at its heart: Defendants' failure

19   to specifically disclose fees and charges that reduced the number of promised minutes."  [Doc. No.

20   110-1 at 16.]  STI does not present any arguments related to the predominance inquiry.  [See Doc.

21   No. 111.]

22         Plaintiff seeks certification of a class on his claims for violation of California Business &

23   Professions Code § 17538.9, violation of the UCL, violation of the CLRA against STI, conversion,

24   and unjust enrichment.  [Doc. No. 110-1 at 9-10.]  The central issue to all of these claims is

25   whether Defendants have properly disclosed all the fees and charges that they imposed on

26   purchasers of the Bonita Senorita prepaid calling card.  This common question can be answered on

27   a class-wide basis through an examination of the Defendants' conduct.  The Court is not aware of

28   any individualized inquiries that are central to Plaintiff's claims, and Defendants have not

1  presented any to the Court. STI has only argued that class certification is not appropriate because

2  the maintenance fee for the calling cards sold at 7-Eleven were always the same while the fees for

3  the cards sold at other retailers varied along with the disclosures. [Doc. No. 111 at 2-3.] It

4  appears to the Court that any significant issue that may arise from differences in fees or disclosures

5  could be resolved on a class-wide basis by examining Defendants' conduct rather than by making

6  individualized inquiries into each class member's conduct. The differences presented by STI are

7  at most individual issues related to damages, but the Ninth Circuit has explained that "damages

8  calculations alone cannot defeat certification." Yokoyama v. Midland Nat'l Life Ins. Co., 594

9  F.3d 1087, 1094 (9th Cir. 2010); see also Blackie v. Barrack, 524 F.2d 891, 905 (9th Cir. 1975)

10  ("The amount of damages is invariably an individual question and does not defeat class action

11  treatment."). Accordingly, the Court finds that the predominance requirement is satisfied in this

12  case.

13        **B.**     **Superiority**

14        The superiority inquiry requires determination of "whether objectives of the particular

15  class action procedure will be achieved in the particular case." Hanlon, 150 F.3d at 1023 (citation

16  omitted). This requirement tests whether "class litigation of common issues will reduce litigation

17  costs and promote greater efficiency." Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th

18  Cir. 1996). Rule 23(b)(3) provides four non-exclusive factors to guide the Court in making this

19  determination. An analysis of these four factors shows that a class action would be a superior

20  method of adjudication in this case.

21            1.     The Class Members' Interest In Individual Litigation

22        Here, there is no evidence that class members would have an interest in individual control

23  of their cases. To the contrary, class-wide treatment of the claims in this case would be desirable

24  because each of the individual claims appears to relatively small. See Galvan, 2011 U.S. Dist.

25  LEXIS 127602, at *36 ("[Because each class member's expenditure on calling cards will be

26  relatively small, given that the cards range from five to ten dollars in cost, any individual recovery

27  would be small, thus giving plaintiffs little incentive to pursue their claims individually.").

28  ///

1            2.     Other Pending Litigation

2         Plaintiff states that he is not aware of any other existing actions–individual or

3    class–pertaining to the claims at issue in this case, [Doc. No. 110-1 at 17], and Defendants have

4    not shown that there is any other pending litigation pertaining to Plaintiff's claims.  Accordingly,

5    there does not appear to be any other pending litigation that would weigh against class

6    certification.

7            3.     Desirability of Concentrating the Ligation in One Forum

8         As stated above, the individual claims in this case appear to be relatively small.  Therefore,

9    class-wide determination of these claims in one forum is desirable.  In addition, because common

10   issues predominate on the class's claims, "presentation of the evidence in one consolidated action

11   will reduce unnecessarily duplicative litigation and promote judicial economy."  Galvan, 2011

12   U.S. Dist. LEXIS 127602, at *37.  Although the determination of damages will involve some

13   individualized inquires, this alone does not defeat class action treatment.  Yokoyama, 594 F.3d at

14   1094.

15           4.     Management of the Class Action

16        There is no evidence or argument before the Court showing that class wide treatment of

17   Plaintiff's claims would be unmanageable.  Accordingly, this factor does not weigh against class

18   certification.

19   **C.    Conclusion**

20        In sum, the Court concludes that the requirements of Rule 23(b)(3) are satisfied with

21   respect to Plaintiff's claims for violation of California Business & Professions Code § 17538.9,

22   violation of the UCL, violation of the CLRA against STI, conversion and unjust enrichment.

23   Accordingly, certification of a class pursuant to Federal Rule of Civil Procedure 23 is appropriate.

24   **IV.    Class Action Pursuant to California Civil Code § 1781**

25        Plaintiff also seeks certification on his CLRA claim against STI pursuant to the California

26   Civil Code § 1781, which governs certification of CLRA claims and provides:

27        (a) Any consumer entitled to bring an action under Section 1780 may, if the
     unlawful method, act, or practice has caused damage to other consumers similarly

28        situated, bring an action on behalf of himself and such other consumers to recover
     damages or obtain other relief as provided for in Section 1780.

(b) The court shall permit the suit to be maintained on behalf of all members of the represented class if all of the following conditions exist:

(1) It is impracticable to bring all members of the class before the court.

(2) The questions of law or fact common to the class are substantially similar and predominate over the questions affecting the individual members.

(3) The claims or defenses of the representative plaintiffs are typical of the claims or defenses of the class.

(4) The representative plaintiffs will fairly and adequately protect the interests of the class.

Cal. Civ. Code §1781.  However, section 1781 is state procedural law governing the standards for class certification.  See Linder v. Thrifty Oil Co., 23 Cal. 4th 429, 439 (2000) (stating that the question of class certification under section 1781 is "essentially a procedural one").  The Supreme Court has explained that "Rule 23 automatically applies 'in all civil actions and proceedings in the United States district courts,'" and it "provides a one-size-fits-all formula for deciding the class-action question."  Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 130 S. Ct. 1431, 1437-38 (2010) (emphasis in original).  Therefore, a state procedural law like section 1781 that attempts to answer the same question–i.e., whether a lawsuit may be maintained as a class action–does not apply in diversity suits in federal court.  See id. at 1437; see also Marlo v. UPS, Inc., 639 F.3d 942, 947 (9th Cir. 2011) ("Federal Rule of Civil Procedure Rule 23 governs the class-certification issue even if the underlying claim arises under state law.").  Accordingly, because California Civil Code § 1781 does not apply in this case, the Court declines to certify a class on Plaintiff's CLRA claim against STI pursuant to that statute.  Moreover, the Court notes that certification pursuant to section 1781 is unnecessary because the Court has already determined that certification of a class on Plaintiff's CLRA claim pursuant to Federal Rule of Civil Procedure 23 is appropriate.  See supra sections II, III.

///

///

///

///

10cv135

1

## **CONCLUSION**

2          For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's

3   motion for class certification.  The Court certifies the following class on Plaintiff's first, second,

4   third, fifth and sixth causes of action pursuant to Federal Rule of Civil Procedure 23:

5          All California residents who purchased and used a Bonita Senorita prepaid calling
           card in California from December 15, 2005 through the date of trial.  Excluded
6          from the Class are current and former Defendants, any person, firm, trust,
           corporation, officer, director, or other individual or entity in which Defendants have
7          a controlling interest, or which are related to or affiliated with Defendants, and the
           legal representatives, heirs, successors-in-interest or assigns of any such excluded
8          parties.  Also excluded from the Class are Plaintiff's counsel and all judicial
           officers responsible for any decisions in this matter.
9

10  The Court does not certify a class on Plaintiff's CLRA claim against STI pursuant to California

11  Civil Code § 1781.  The Court appoints Ricardo Soto as lead plaintiff for the class and appoints

12  the law firm of Krause, Kalfayan, Benink & Slavens, LLP as class counsel.

13          **IT IS SO ORDERED.**

14  **DATED:**  December 15, 2011

15                                                              *Irma E. Gonzalez*
                                                                **IRMA E. GONZALEZ, Chief Judge**
16                                                              **United States District Court**

17

18

19

20

21

22

23

24

25

26

27

28

- 13 -                                                          10cv135